IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CLAYTON CALLAWAY                                                                                     PLAINTIFF

vs.                                           Civil No. 6:15-cv-06063

CAROLYN W. COLVIN                                                                                   DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Clayton Callaway ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 9.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed his disability applications on August 29, 2012. (Tr. 11, 241-257). In his applications, Plaintiff alleges being disabled due to human immunodeficiency virus (HIV), migraines, hip implant, and bipolar disorder. (Tr. 286). Plaintiff alleges an onset date of March 1, 2005. (Tr. 11). These applications were denied initially and again upon reconsideration. (Tr. 11).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

After Plaintiff's applications were denied, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 206-207). Thereafter, on September 6, 2013, the ALJ held an administrative hearing on Plaintiff's applications. (Tr. 28-68). At this hearing, Plaintiff was present and was represented by John Miller. *Id.* Plaintiff and Vocational Expert ("VE") William Elmore testified at this hearing. *Id.* During this hearing, Plaintiff testified he was fifty-two (52) years old, and graduated high school. (Tr. 34, 36).

On January 22, 2014, after the administrative hearing, the ALJ entered a partially favorable on Plaintiff's applications. (Tr. 11-21). The ALJ found Plaintiff last met the insured status requirements of the Act through September 30, 2008. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 1, 2005, his alleged onset date. (Tr. 13, Finding 2).

The ALJ determined that prior to August 29, 2012, Plaintiff had the following "medically determinable impairments": migraines, asymptomatic HIV, and bipolar disorder. (Tr. 14, Finding 3). The ALJ, however, determined these were non severe impairments. *Id.* The ALJ then determined that beginning on August 29, 2012, Plaintiff had severe impairments of post hip replacement and migraines. (Tr. 18, Finding 4).

The ALJ then determined that since August 29, 2012, Plaintiff had the RFC to perform sedentary work. However, he was unable to maintain work, even at the sedentary exertional level, in order complete a regular eight-hour workday or regular forty-hour workweek. (Tr. 19, Finding 6). The ALJ also determined that since August 29, 2012, Plaintiff was unable to perform any Past Relevant Work. (Tr. 19, Finding 7).

The ALJ then determined that since August 29, 2012, there was no other work existing in

significant numbers in the national economy Plaintiff could perform. (Tr. 21, Finding 11). Given this, the ALJ determined Plaintiff had not been under a disability as defined in the Act prior to August 29, 2012, but became disabled on that date. (Tr. 21, Finding 12).

Thereafter, Plaintiff requested the review of the Appeals Council. (Tr. 6). On April 21, 2015, the Appeals Council denied this request for review. (Tr. 1-5). On June 17, 2015, Plaintiff filed his Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on July 21, 2015. ECF No. 9. Both Parties have filed appeal briefs. ECF Nos. 13, 14. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of

proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by

substantial evidence in the record. ECF No. 1. Specifically, Plaintiff claims the following: (1) the ALJ erred in concluding his migraine headaches were not a severe impairment and (2) the ALJ erred in his credibility determination. ECF No. 13 at 5-7. Because the Court finds the ALJ erred by finding his migraine headaches non severe, this case must be reversed and remanded.

      A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

      Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

      In this case, Plaintiff alleged being disabled due to, among other things, migraine headaches. (Tr. 286). According to Plaintiff, he began experiencing migraines in 2005. (Tr. 54). Dr. Terance D'Souza stated in an October 6, 2011 correspondence that he had been treating Plaintiff for many years and he had a history of migraines. (Tr. 497). The migraines had fluctuating severity,

5

sometimes resulting in an inability to work, and Plaintiff was on multiple medications for the headaches. *Id*. Further, pharmacy records show Plaintiff's use of medications for migraines as early as May 2008. (Tr. 354-356). Based upon this evidence alone, the Court finds the ALJ's determination Plaintiff's migraine headaches were non severe was not supported by substantial evidence in the record. Thus, this case must be reversed and remanded for further consideration of this issue.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 1st day of July 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE