IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CLAYTON CALLAWAY                                                                              PLAINTIFF

vs.                                          Civil No. 6:15-cv-06063

CAROLYN W. COLVIN                                                                             DEFENDANT
Commissioner, Social Security Administration

**ORDER**

Pending now before this Court is Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act ("EAJA").  ECF No. 18.[1]  Defendant has responded to this Motion and objects to any award of fees or expenses because Plaintiff's motion is untimely.  ECF No. 19.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 9.  Pursuant to this authority, the Court issues this Order.

**1. Background:**

Clayton Callaway ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of his request for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  ECF No. 1.  On July 1, 2016, this Court reversed and remanded Plaintiff's case pursuant to sentence four of 42 U.S.C. § 405(g).  ECF No. 16, 17.

On December 13, 2016, Plaintiff filed the present Motion requesting an award of attorney's fees under the EAJA.  ECF No. 18.  With this Motion, Plaintiff requests an award of attorney's fees of $4,204.80, representing 22.50 hours of attorney time at an hourly rate of $186.88.  *Id.*

---

[1] The docket numbers for this case are referenced by the designation "ECF. No."

Defendant responded to this Motion on December 14, 2016 and objects to any award of fees or expenses because Plaintiff's motion is filed untimely. ECF No. 19.

**2. Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993). Consequently, a Plaintiff in a case against the Government has a total of 90 days in which to file an application for attorney fees under the EAJA. In sentence four remand cases, the filing period begins after the final judgment is entered by the court. *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991).

**3. Discussion:**

In the present action, judgment was entered on July 1, 2016  ECF No. 17. The Court's judgment became final 60 days later, on August 30, 2016. As a result, the statutory deadline for filing an EAJA application was 30 days later, on September 29, 2016. However, Plaintiff did not file his application until December 13, 2016. ECF. No. 18. Plaintiff's counsel has not made any showing to excuse the failure to apply for an award within the required time period.

Failure to submit an application within the required time period bars an award under EAJA. *See Olson v. Norman*, 830 F.2d 811, 821 (8th Cir. 1987). The Eighth Circuit has stated it lacks jurisdiction to consider the merits of fee applications filed beyond the time limit. *See Pottsmith v.*

*Barnhart*, 306 F.3d 526, 527 (8th Cir. 2002).

**4. Conclusion:**

Based upon the foregoing, the Court **DENIES** Plaintiff's Application for Attorney Fees under the EAJA  ECF No. 18.

**ENTERED** this **10th day of January, 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE